LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FRANCISCO VILLAR,
*on behalf of himself,*
*FLSA Collective Plaintiffs and the Class*,

        Plaintiff,

   v.

AHRC HOME CARE SERVICES, INC. and
NYSARC, INC.,

        Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

    Plaintiff, FRANCISCO VILLAR, (hereinafter, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, AHRC HOME CARE SERVICES, INC. and NYSARC, INC. (collectively, the "Defendants"), and states as follows:

1

**INTRODUCTION**

1.  Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that Plaintiff, FLSA Collective Plaintiffs and similarly situated individuals are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages for travel time, (3) liquidated damages and (4) attorneys' fees and costs.

2.  Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), that Plaintiff and Class members are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages for travel time, (3) liquidated damages and statutory penalties and (4) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims of Plaintiff and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4.  Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

**PARTIES**

5.  Plaintiff, FRANCISCO VILLAR, is a resident of Queens County, New York.

6.  Defendant, AHRC HOME CARE SERVICES, INC., is a domestic not-for-profit corporation organized under the laws of the State of New York with an address for service of process located at c/o Gerald F. Maurer, 200 Park Avenue South, New York, New York 10003, and an address for principal place of business located at 83 Maiden Lane, New York, New York 10038. AHRC HOME CARE SERVICES, INC. is an affiliate of AHRC New York City.

7.  Defendant, NYSARC, INC., is a domestic not-for-profit corporation organized under the laws of the State of New York with an address for service of process located at c/o

NYSARC, Inc., 29 British American Boulevard, 2nd Floor, Latham, New York, 12110, and and address for principal place of business located at 83 Maiden Lane, New York, New York 10038. Defendants operate AHRC New York City through NYSARC, INC.

8. AHRC New York City, operated jointly by Defendants, operates programs for home care services, educational serevices, training workshops, community programs, camp, habilitation, and employment training, among others, for individuals with intellectual and other developmental disabilities, throughout New York City.

9. In addition to charitable donations and government grants, Defendants generate well in excess of $500,000 in gross annual revenue from fees charged to its clients. The clients in return receive a benefit of more than token value. Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to Defendants' operations.

11. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including counselors and therapists) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices,

procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (i) for all hours worked due to a policy of not compensating for travel time, and (ii) their overtime premium at the rate of one-and-a-half the regular rate for all hours worked in excess of forty (40) hours per week, as required under the FLSA. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14.  The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15.  Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including counselors and therapists) employed by Defendants, on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16.  All said persons, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P.

17.  The proposed Class is so numerous that joinder of all members is impracticable,

and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. Plaintiff is a member of the Class.

18. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay for all hours worked due to Defendants' policy to not compensate travel time, (ii) failing to pay overtime compensation, (iii) failing to provide proper wage statements to Class members as required under the New York Labor Law, and (iv) failing to provide proper wage and hour notice to Class members per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit

against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Both current and former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

   c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

   d) Whether Defendants properly notified Plaintiff and Class members of their hourly rates and overtime rates;

   e) Whether Defendants failed to properly compensate Plaintiff and Class members for overtime under state and federal law for all hours worked over 40 per workweek;

   f) Whether Defendants failed to properly compensate Plaintiff and Class members for travel time;

   g) Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law; and

   h) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law.

**STATEMENT OF FACTS**

23. Plaintiff, FRANCISCO VILLAR, was employed by Defendants to work as a Residential Habilitation Counselor for Defendants' Home Care Department. Plaintiff's primary duties were to visit different clients to assist them with their daily needs and to observe behavioral changes. Plaintiff was hired on or about March 10, 2017. Plaintiff worked for Defendants until on or about December 3, 2017.

24. During Plaintiff's employment with Defendants, he regularly worked over forty (40) hours per workweek. Plaintiff was scheduled to work Monday through Friday from 8:00 a.m. to 4:00 p.m., and on Saturdays from 2:00 p.m. to 7:00 p.m. However, Plaintiff's schedule generally varied on a day to day basis depending on the number of clients he was assigned per week. Plaintiff was required to log his hours worked through attendance sheets, but the attendance sheets only recorded the number of hours Plaintiff spent with each client. As a result, Plaintiff was only compensated for hours that he spent during his assignments with clients, and he was therefore not compensated for any time spent traveling between clients or the office.

25. On a regular basis, Plaintiff was required to travel between clients' homes during the same workday. Defendants had no policy for tracking his travel time. Such travel time is compensable under both the FLSA and NYLL. However, Defendants failed to compensate Plaintiff, FLSA Collective Plaintiffs and Class members for their travel time.

26. From the start of Plaintiff's employment, Plaintiff was paid a straight-time rate of $11.00 per hour, for all hours worked. From on or about March 22, 2017, Plaintiff was paid a straight-time rate of $13.00 per hour, for all hours worked. Plaintiff was, at all times, paid on an hourly basis.

27. Based on Plaintiff's observations and conversations with other employees, FLSA Collective Plaintiffs and Class members had similar work schedules and received similar hourly rates. Defendants failure to compensate Plaintiff, FLSA Collective Plaintiffs and the Class their overtime premium at the statutory time-and-a-half the regular rate resulted in regular underpayments.

28. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week.

29. Defendants knowingly and willfully operated their business with a policy of not compensating for travel time to Plaintiff, FLSA Collective Plaintiffs and Class members.

30. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class members, in violation of the New York Labor Law.

31. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class members, at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

32. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

33. Plaintiff realleges and reavers Paragraphs 1 through 32 of this Class and Collective Action Complaint as if fully set forth herein.

34. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

35. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

36. Upon information and belief, at all relevant times, Defendants had gross revenues from fees charged to clients in excess of $500,000.

37. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked due to a policy of not compensating for travel time.

38. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty hours per workweek.

39. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

40. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

41. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and overtime compensation, plus an equal amount as liquidated damages.

42. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

43. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked and for their proper overtime premium, at one-half for their hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due.

44. Plaintiff is entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

45. Plaintiff realleges and reavers Paragraphs 1 through 44 of this Class and Collective Action Complaint as if fully set forth herein.

46. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

47. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and Class members for all hours worked due to Defendants' policy not to compensate for travel time.

48. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them their overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

49. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

50. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

51. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid wages, unpaid overtime wages, statutory penalties, reasonable attorneys' fees, and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid compensation for travel time due under the FLSA and the New York Labor Law;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay regular and overtime wages pursuant to the FLSA;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay regular and overtime wages pursuant to the NYLL

g. An award of statutory damages due under the NYLL;

h. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees;

i. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiff as Representative of the Class; and

l. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: October 5, 2018

                               Respectfully submitted,

                               LEE LITIGATION GROUP, PLLC
                               C.K. Lee (CL 4086)
                               Anne Seelig (AS 3976)
                               30 East 39th Street, Second Floor
                               New York, NY 10016
                               Tel.: 212-465-1188
                               Fax: 212-465-1181
                               *Attorneys for Plaintiff,*
                               *FLSA Collective Plaintiffs and the Class*

                       By:   */s/ C.K. Lee*
                               C.K. Lee, Esq.