UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANCISCO VILLAR,
*on behalf of himself,*
*FLSA Collective Plaintiffs*
*and the Class*,

                                        Plaintiff,

    – against –

AHRC HOME CARE SERVICES, INC. and NYSARC,
INC.,
                                        Defendants.

**Case No.: 18-CV-09174**

---

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between Francisco Villar (the "Named Plaintiff"), individually and on behalf of the FLSA Collective (as defined below) and the Class (as defined below), and AHRC Home Care Services, Inc. and NYSARC, Inc. (collectively "Defendants" and the Defendants with Named Plaintiff, the "Parties").

## RECITALS AND BACKGROUND

WHEREAS, Named Plaintiff filed a Complaint in the United States District Court, Southern District of New York, fashioned *Villar v. AHRC Home Care Services, Inc., et al.*, Case No.: 18-CV-9174 (the "Litigation");

WHEREAS, the Litigation asserts collective and class action claims against Defendants, and further alleges that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

WHEREAS, solely for the purpose of settling this Litigation, and without admitting any wrongdoing or liability, Defendants have agreed, for settlement purposes only, to class certification under Rule 23 of the Federal Rules of Civil Procedure ("FRCP") and collective certification under the FLSA;

WHEREAS, the Parties have engaged in and completed extensive informal discovery in connection with the potential settlement of this matter, including the production by Defendants of (i) a list of all residential rehabilitation counselors and home health aides employed by Defendants from October 5, 2012 to September 4, 2019, (ii) sample schedules, (iii) sample earning statements, (iv) Plaintiff's entire employment records, and (v) the schedules, earning statements, and wage notices for 39 individuals, amounting to more than 6,000 pages of records in total;

WHEREAS, Named Plaintiff and Defendants, through their counsel, have also participated in extensive arms-length negotiations in efforts to settle the disputes underlying the Litigation;

WHEREAS, the Parties and their counsel also participated in a full-day mediation session on September 11, 2019, which was conducted by Stephen Sonnenberg of JAMS, an experienced and well-known mediator who has successfully negotiated settlements in similar wage and hour class and collective actions against New York City businesses;

WHEREAS, Defendants denied and continue to deny all of the material allegations made by the Named Plaintiff in the Litigation and have denied and continue to deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation. Nonetheless, solely for the purpose of settling this Litigation, and without admitting any wrongdoing or liability, Defendants have agreed to disseminate a notice of settlement pursuant to FRCP 23 and the FLSA to all Class Members and FLSA Collective Members (as both terms are defined below);

WHEREAS, the purpose of this Agreement is to settle fully and finally all Rule 23 Claims and FLSA Claims (as defined below), among the Named Plaintiff, Class Members, FLSA Collective Members, and the Defendants, including all claims asserted in the Litigation in order to avoid the burden, expense, and uncertainty of continuing the Litigation; and

WHEREAS, Class Counsel (as defined below) analyzed and evaluated the merits of the claims made against Defendants and the impact of this Agreement on Named Plaintiff, Class Members and FLSA Collective Members, and based upon Class Counsel analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Named Plaintiff, Class Members, and FLSA Collective Members.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## 1.    DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

**1.1    "Action" or "Litigation."** The Action or Litigation shall mean the filed complaint in the United States District Court, Southern District of New York, fashioned *Villar v. AHRC Home Care Services Inc., et al.*, Case No.: 18-CV-9174.

**1.2    "Administrator" or "Claims Administrator."** The Administrator or Claims Administrator refers to Advanced Litigation Strategies, LLC, who shall be responsible for mailing

the Notices, administering the Settlement, providing a final report detailing the results of the class mailings and participation, and performing other functions as set forth herein.

**1.3**     **"Agreement."** Agreement means this Settlement Agreement and Release.

**1.4**     **"Class" or "Class Member(s)."** Class or Class Members shall mean Named Plaintiff and all individuals who worked for Defendants in New York City as direct care staff, consisting of the job titles residential habilitation counselor, home health aide, and personal care aid, from October 5, 2012 until September 11, 2019.

**1.5**     **"Class Counsel" or "Plaintiff's Counsel."** Class Counsel or Plaintiff's Counsel shall mean Lee Litigation Group, PLLC.

**1.6**     **"Class Member List" or "Class List."** The Class Member List or Class List shall mean a list, in Excel, of all Class Members, not to exceed 1,500 individuals, containing the following information, to the extent such information exists within the Defendants' possession: (i) name; (ii) last known address; (iii) dates of employment; and (iv) Social Security Number, if available. Defendants shall create the Class Member List and provide it to Class Counsel and the Claims Administrator.  The Class Member List is to be used by Class Counsel and the Claims Administrator to effectuate settlement and may not be copied, disseminated, or used for any other purpose.  Class Counsel and the Claims Administrator shall keep the Class Member List and the information contained therein confidential.

**1.7**     **[Reserved]**.

**1.8**     **"Court."** The Court shall mean the United States District Court, Southern District of New York.

**1.9**     **"Days."** Unless otherwise specified, days shall mean calendar days.

**1.10**     **"Defendants."** The Defendants are AHRC Home Care Services, Inc. and NYSARC, Inc.

**1.11**     **"Defense Counsel."** Defense Counsel shall mean Clifton Budd & DeMaria, LLP.

**1.12**     **"Fairness Hearing."** The Fairness Hearing shall mean the hearing before the Court relating to the Application for Final Approval, unless otherwise scheduled by the Court without the filing of a motion.

**1.13**     **"Final Effective Date."** The Final Effective Date shall be thirty-five (35) days after the Court has entered a Final Approval Order (as defined herein) approving this Agreement, provided the time to appeal from the Final Approval Order has expired and no notice of appeal has been filed.  In the event a notice of appeal is filed, the Final Effective Date shall be the latest of the following that has occurred: (1) any appeal from the Final Approval Order has been finally dismissed; (2) the Final Approval Order has been affirmed on appeal in a form substantially identical to the form of the Final Approval Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Approval Order has expired; and

(4) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Approval Order in a form substantially identical to the form of the Final Approval Order entered by the Court

**1.14** **"Final Approval Order."** The Final Approval Order shall mean the order entered by the Court after the Fairness Hearing approving the terms and conditions of this Agreement, distribution of the settlement payments from the Settlement Account, approval of professional fees and costs, and dismissal of the Litigation with prejudice.

**1.15** **"FLSA Collective Member(s)" or the "FLSA Collective."** FLSA Collective Members shall be defined as the Named Plaintiff and all Class Members who worked for Defendants as direct care staff, in the position of residential habilitation counselor, home health aide, or personal care aide, at any time from October 5, 2015 to September 11, 2019. Only Named Plaintiff and FLSA Collective Members who endorse their settlement checks and/or have filed a consent to join form to join the lawsuit will fully and finally release their FLSA claims as provided for in Section 4.1(B).

**1.16** **"FLSA Claims."** The FLSA Claims shall mean and all claims, charges, complaints, liabilities, obligations, promises, agreements, damages, actions and expenses (including attorney's fees and costs) of any nature that were or could have been asserted pursuant to the Fair Labor Standards Act by or on behalf of the Named Plaintiff and any FLSA Collective Members, other than claims for retaliation under 29 U.S.C. § 218(c) or any other claims which cannot be lawfully released.

**1.17** **"Motion for Final Approval."** The Motion for Final Approval shall mean the Named Plaintiff's anticipated motion, with supporting documents and materials, for the Court's final approval of the settlement.

**1.18** **"Named Plaintiff."** The Named Plaintiff shall mean Francisco Villar.

**1.19** **"Notice" or "Notices."** Notice or Notices shall mean the Court–approved Notice of Proposed Settlement including notice of an opportunity to opt-out and/or object to the proposed settlement.

**1.20** **"Objector."** An Objector shall mean any Class Member who timely and properly files an objection to this Agreement, and does not include any individual who opts-out of this Agreement.

**1.21** **"Opt-out Statement."** An Opt-out Statement is a written signed statement that a Class Member who has decided to opt-out and not be included in this Agreement. Any Class Member who does not submit an Opt-out Statement waives and releases all  Rule 23 Claims, even if he or she does not cash his or her settlement check(s) in this matter. Only Class Members who endorse their settlement checks and/or have filed a consent to join form to join the lawsuit will waive and release their FLSA Claims as well.  Class Members who submit an Opt-out Statement retain their FLSA Claims and/or Rule 23 Claims.

**1.22** **"Parties."** The Parties shall refer to the Named Plaintiff and Defendants collectively.

4

**1.23** **"Plaintiffs."** Shall mean the Named Plaintiff, FLSA Collective Members, and Class Members collectively.

**1.24** **"Preliminary Approval Order."** The Preliminary Approval Order shall mean the Order entered by the Court: (i) certifying the FRCP 23 Class and FLSA Collective solely for purposes of effectuating the Agreement; (ii) preliminarily approving the terms and conditions of this Agreement; (iii) appointing Lee Litigation Group, PLLC as Class Counsel; (iv) directing the manner and timing of providing Notice to the Class Members; (v) appointing the Claims Administrator; and (vi) setting dates to effectuate the terms of this Agreement, including the date of the Fairness Hearing.

**1.25** **"Relevant Period" or "Relevant Time Period."** The Relevant Period or Relevant Time Period means October 5, 2012 to the Final Effective Date, inclusive.

**1.26** **Settlement Amount.** The Settlement Amount shall mean $400,000.00 USD.

**1.27** **"Settlement Account."** The Settlement Account shall mean an escrow account of the Settlement Administrator, Advanced Litigation Strategies, LLC. The Settlement Account shall contain the aggregate of all Claims, professional fees and costs as authorized by the Court in the Final Order, but in no event shall the Settlement Account exceed the Settlement Fund.

**1.28** **"Settlement Checks."** The Settlement Checks shall mean the checks issued to Class Members from the Settlement Account by the Administrator as calculated by the Administrator in accordance with this Agreement.

**1.29** **"Settlement Fund."** The Settlement Fund shall mean the maximum aggregate amount to be paid by AHRC Home Care Services, Inc. pursuant to this Agreement and includes the legal fees, costs, and expenses. Under no circumstances shall the Settlement Fund exceed FOUR HUNDRED THOUSAND DOLLARS ($400,000.00), except for employer's share of payroll taxes. The Settlement Fund does not cover the Administration Fees of $50,000 to be paid to the Administrator, which is to be paid separately from the Settlement Fund. In the event that the size of the Class is greater than 1,500 individuals, the Settlement Fund of $400,000 will be increased, proportionate to the per person settlement amount under the original Settlement Agreement.

**1.30** **"Rule 23 Claims."** The Rule 23 Claims shall mean any and all claims, charges, complaints, liabilities, obligations, promises, agreements, damages, actions and expenses (including attorney's fees and costs) of any nature whatsoever, known or unknown, that were or could have been asserted by Named Plaintiff and Class Members whether at common law, pursuant to statute, ordinance or regulation, and whether arising under state, local or other applicable law--that concern or relate to minimum wage and/or overtime pay, wage payments, failure to pay for all hours worked, failure to provide wage statements and/or wage notices, failure to keep appropriate timekeeping and payroll records, which could have been alleged in the Litigation including, without limitation, any claims arising under the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., the New York Wage Payment Act, New York Labor Law §§ 190 et seq., the New York Department of Labor regulations, 12 N.Y.C.R.R. part 142, and all other statutes and regulations related to the foregoing, , except for claims of retaliation under said statutes and regulations, or all claims which may not be released under law or regulations.

## 2.    INITIAL PROCEDURAL ISSUES

**2.1    Binding Agreement.** This Agreement is a binding agreement and contains all material agreed-upon terms.

**2.2    Retention of the Administrator.** The Parties shall engage Advanced Litigation Strategies, LLC as Administrator to mail Notices and administer the settlement.

**2.3    Responsibilities of the Administrator.** The Administrator shall be responsible for:

(A)    preparing, printing and disseminating the Notice to the Class;

(B)    copying counsel for all Parties on material correspondence and promptly notifying all counsel for the Parties of any material requests or communications made by any Party;

(C)    promptly furnishing to counsel for the Parties copies of any Opt-out Statements, objections or other written or electronic communications from the Class which the Administrator receives;

(D)    keeping track of Opt-out Statements including maintaining the original mailing envelope in which the request was mailed;

(E)    mailing all required tax forms to Class Members and to Class Counsel as provided herein;

(F)    setting up a Settlement Account to be used for the distribution of all Settlement Checks to Class Members, Plaintiff's Counsel, the Claims Administrator and to Named Plaintiff;

(G)    calculating the amount of each Class Member's Settlement Check;

(H)    calculating and paying each Class Member's taxes and preparing appropriate tax forms for Defendants and for each Class Member;

(I)    mailing the Settlement Checks to Class Members;

(J)    ascertaining current address and addressee information for each Notice returned as undeliverable and the mailing of Notice;

(K)    responding to inquiries of the Class regarding procedures for filing objections and Opt-out Statements;

(L)    referring to Class Counsel all inquiries by the Class regarding matters not within the Administrator's duties specified herein;

(M)    responding to inquiries from Class Counsel and Defense Counsel consistent with the Administrator's duties specified herein;

(O)    promptly apprising Class Counsel and Defense Counsel of the activities of the Administrator;

(P)    maintaining adequate records of its activities, including the dates of the mailing of Notice(s) and Settlement Checks, returned mail and other communications and attempted written or electronic communications with the Class;

(Q)    confirming in writing to Plaintiff's Counsel and Defense Counsel its completion of the administration of the settlement, including a final report to Defense Counsel setting forth the participation or lack thereof of each Class Member along with images of each endorsed check;

(R)    timely responding to communications from the Parties or their counsel; and

(S)    such other tasks the Parties mutually agree.

In addition, no later than twenty (20) days prior to the Fairness Hearing, the Administrator shall certify jointly and provide to Plaintiff's Counsel and to Defense Counsel: (a) a list of all Class Members with their estimated awards; (b) a list of all Class Members who filed timely objections; and, (c) a list of all Class Members who requested to opt-out of the settlement at any time during the opt-out period and their estimated award(s). The Administrator shall also provide Defense Counsel with an updated address list for the Class. Throughout the period of claims administration, the Administrator will provide reports to the Parties upon request by either Party regarding the status of the mailing of the Notices to the Class, the claims administration process, distribution and endorsement of the Settlement Checks or any other aspect of the claims administration process.

**2.5    Notice to Class.** The Notice will inform Class Members about this Settlement and will also advise them of the opportunity to object to, opt-out of, do nothing and remain in the Class in order to obtain a Settlement Check pursuant to this Agreement, and/or to appear at the Fairness Hearing. Within thirty (30) days of the entry of the Preliminary Approval Order by the Court, the Administrator will mail to all Class Members, via First Class United States Mail, the Court–approved Notices of Proposed Class and Collective Action Settlement. The Administrator will take all *reasonable steps* to obtain the correct address of any Class Member for whom a Notice is returned by the post office as undeliverable, including one skip trace, and shall attempt a re-mailing to any Class Member for whom it obtains a more recent address. The Administrator will notify Class Counsel and Defense Counsel of any Notice sent to a Class Member that is returned as undeliverable after the first mailing, as well as any such Notice returned as undeliverable after any subsequent mailing(s) as set forth in this Agreement.

**2.6    Access to the Administrator.** The Parties will have equal access to the Administrator throughout the claims administration period. Class Counsel and Defense Counsel agree to provide the Administrator with all accurate information necessary to reasonably assist the Administrator in locating the Class.

**2.7     Approval of the Preliminary Approval Order.**

(A)     On or before February 14, 2020, Plaintiff's Counsel shall file a motion for Preliminary Settlement Approval ("Preliminary Approval Motion") which shall include: (i) the proposed Notice of Proposed Class and Collective Action Settlement (Exhibit B hereto); (ii) a proposed Preliminary Approval Order (Exhibit C hereto); (iii) an executed version of this Agreement; and (iv) the necessary documents, memorandum, affidavits, and exhibits for the purposes of certifying a Class under FRCP 23 and FLSA Collective Action for settlement purposes only, and preliminarily approving the Agreement.

(B)     The Preliminary Approval Motion will also seek: (i) the appointment of Advanced Litigation Strategies, LLC to administer the settlement; (ii) the setting of a date for individuals to opt-out of this Agreement and/or provide objections to this Agreement, which date will be thirty (30) days from the initial mailing of Notice to the Class Members by the Administrator; and (iii) to set a date for the Fairness Hearing, for Final Approval of the Settlement.

(C)     Class Counsel will inform the Court of the intended process to obtain a "Final Approval Order" and a "Order of Dismissal" that will, among other things: (1) approve the settlement as fair; (2) approve the proposed notice to the Class; (3) incorporate the terms of the Release, as described herein; (4) dismiss the Litigation with prejudice; (5) award Class Counsel fees, expenses and costs; and (6) appoint the Administrator and award the Administrator fees and expenses.

(D)     The Parties will work together, diligently and in good faith, to expeditiously obtain a Preliminary Approval Order, Final Approval Order, and Final Dismissal with prejudice. Any disputes which arise between the Parties related to the Parties' efforts to obtain a Final Approval Order, Final Dismissal with prejudice shall be submitted to Stephen Sonnenberg of JAMS, for resolution.

**2.8     Class Member List.**

(A)     Within 10 days after issuance of a Preliminary Approval Order by the Court, Defense Counsel will provide Class Counsel and the Claims Administrator, in electronic form, the Class Member List, attached hereto as **Exhibit A**. All information provided regarding the Class will be treated as confidential information by Class Counsel and the Administrator. Said information will not be used by Class Counsel and the Administrator for any purpose other than to effectuate the terms of settlement.

**2.9     Opt-outs.**

(A)     Class Members who choose to opt-out of the settlement as set forth in this Agreement must mail via First Class United States Mail, postage prepaid, a written, signed statement to the Administrator that states he or she is opting out of the settlement, and include his or her name, address, and telephone numbers and

statement indicating his or her intention to opt-out such as: "I opt out of the AHRC wage and hour settlement" or words to that effect ("Opt-out Statement"). To be effective, an Opt-out Statement must be post-marked or received by the Administrator within sixty (60) days after the initial mailing of Notice to the Class. The date which is sixty (60) days after the initial mailing of Notice to the Class shall hereinafter be referred to as the "Bar Date".

(B)     The end of the time period to opt-out of the settlement ("Opt-out Period") shall be sixty (60) days after the initial mailing of Notice to the Class.

(C)     The Administrator will send a final list of all Opt-out Statements to Class Counsel and Defense Counsel no later than fourteen (14) days after the Opt-out Period. The Administrator will retain the stamped originals of all Opt-out Statements and originals of all envelopes accompanying Opt-out Statements in its files until such time as the Administrator is relieved of its duties and responsibilities under this Agreement.

(D)     Any Class Member who does not submit an Opt-out Statement pursuant to this Agreement will be deemed to have accepted the settlement and the terms of this Agreement, will be bound by the settlement in this case, and have any Rule 23 Claims released and dismissed. Class Members who endorse their settlement check(s) and/or have filed a consent to join form to join the lawsuit will also release their FLSA Claims.

(E)     Any amounts derived from Class Members opting out of the Settlement shall be automatically applied to the Net Settlement Amount to be distributed to Class Members.

**2.10    Objections to Settlement.**

(A)     Objectors who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. To be considered, such statement must be mailed to the Administrator via First-Class United States Mail post-marked by thirty (30) days after the initial mailing of Notice to the Class. The statement must include all reasons for the objection, and any supporting documentation. The statement must also include the name, address, and telephone number for the Class Member making the objection. The Administrator will stamp the date received on the original and send copies of each objection, supporting documents, to Class Counsel and Defense Counsel by email delivery no later than three (3) days after receipt of the objection.  The Administrator shall provide all objections in its final affidavit to be filed with the application for Final Approval no later than twenty (20) days prior to the Fairness Hearing.

(B)     An Objector also has the right to appear at the Fairness Hearing, either in person or through counsel hired by the Objector. An Objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or

her written objections at the time he or she submits his or her written objections. An Objector may withdraw his or her objections at any time. An Objector is a Class Member and an objection does not constitute the filing of an Opt-out Statement.

**2.11**    **Fairness Hearing and Motion for Final Approval and Dismissal.**

(A)    In accordance with the schedule set by the Court in the Preliminary Approval Order and in advance of the Fairness Hearing, Class Counsel shall file a Motion for Final Approval, with supporting documents and materials for final Approval of the settlement.  The Motion for Final Approval may contain a compliance affidavit from the Administrator, an application for attorneys' fees, costs, and supporting affirmation and documents from Class Counsel regarding the fairness, adequacy and reasonableness of the Settlement or any aspect related to this Agreement. The Motion for Final Approval may also include a proposed Final Approval Order.

(B)    At the Fairness Hearing, the Parties will request that the Court, among other things: (1) approve the settlement and Agreement as fair, reasonable, adequate, and binding on all Class Members who have not timely opted out of the settlement; (2) order the Administrator to distribute the Settlement Checks to the Class Members; (3) order the attorneys' fees, expenses and costs to be paid to Class Counsel out of the Settlement Account; (4) order the Administrator's fees and expenses be paid out of the Settlement Account; (5)  order the dismissal with prejudice of all Rule 23 Claims by all Class Members who did not opt-out; (6) dismiss FLSA Claims with prejudice for FLSA Collective Members who endorsed their settlement check(s) and/or have filed a consent to join form to join the lawsuit; (7) order entry of Final Dismissal in accordance with this Agreement; and (8) retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

**2.12**    **Effect of Failure to Grant Final Approval.** In the event the Court fails to dismiss this matter with prejudice in accordance with this Agreement or such dismissal or this settlement does not become Final as defined herein, the Parties shall resume the Litigation unless the Parties jointly agree to: (1) seek reconsideration or appellate review of the decision denying entry of dismissal with prejudice, or (2) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement.  In the event any reconsideration or appellate review is denied, or a mutually agreed-upon settlement is not approved:

(A)    The Litigation will proceed as if no settlement had been attempted.  In that event, the class and collective certified for purposes of settlement shall be automatically decertified, and Defendants may contest whether this Litigation should be maintained as a class action or collective action and contest the merits of the claims being asserted by Named Plaintiff in this action.  In such a case, the Parties will negotiate and submit for Court approval a revised case management schedule.

(B)     The Settlement Claims Administrator will provide notice to Class Members that the Agreement did not receive final approval and that, as a result, no payments will be made to Class Members under the Agreement.  Such notice shall be mailed by the Settlement Claims Administrator via First Class United States Mail, postage prepaid, to the addresses used by the Settlement Claims Administrator in mailing the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing.

(C)     The Settlement Fund and administration fees will be returned to Defendants, less one half of the accrued administration fees of the Administrator if the Notices were already distributed by the Administrator.

**2.13    Effect of Substantial Exclusions.**   If more than five percent (5%) of the Class Members comprising the Class List choose to exclude themselves in writing from participating in the class settlement described under this Agreement, then Defendants shall have the option, to be exercised within 10 calendar days of the *later* of (i) the Bar Date, as defined in ¶2.9(A), and (ii) the date which Defendants' Counsel first receives notice from the Administrator stating that more than five percent (5%) of the Class Members comprising the Class List have properly opted out of the class settlement described in this Agreement, of revoking this Agreement and proceeding with the case as if no settlement has been attempted.  In that event, Defendants retain the right to contest whether this case should be maintained as a class or collective action, to contest the merits of the claims being asserted by Plaintiff in the litigation, and to assert their defenses.  Plaintiff likewise retains the right to seek certification of a class or collective action and shall have the opportunity to engage in further class and expert discovery in accordance with applicable law.

**3.      SETTLEMENT TERMS**

**3.1    Settlement Fund Computation and Allocations.**

(A) **Settlement Fund Formula.** Individual Class Members' shares of the Settlement Fund shall be proportional to the weeks worked by each Class Member, as maintained in Defendants' records. Class Members employed by Defendants during the Relevant Time Period shall receive 1 point for every week they worked for Defendants during the Relevant Time Period.  Class members shall receive partial points for partial weeks worked.

(1)     The Settlement Fund, after deductions for court approved attorneys' fees and expenses, and all other court approved expenses or disbursements, will be divided by the aggregate number of points accrued by all of the Class Members who do not timely opt-out of the settlement ("Point Value"); and (b) each Class Member's total points will be multiplied by the Point Value to determine his or her "Individual Settlement Amount".

(2)     Only Class Members who do not timely and properly opt-out shall be entitled to receive their Individual Settlement Amount.

(B)  **[Reserved]**

(C) **Payment of the Settlement Amount.** The Settlement Amount shall be funded AHRC Home Care Services, Inc. not later than 30 days after preliminary Court approval of a written, executed settlement agreement, into the escrow account of the Settlement Administrator.  Other than for any employer-side payroll taxes that may be due as a result of this settlement, AHRC Home Care Services, Inc.'s payment obligation under this Agreement shall be satisfied upon receipt by the Settlement Administrator of the Settlement Amount, and Defendants shall have no role, responsibility or liability concerning the distribution of funds from the Settlement Fund.  Upon 30 days after final Court approval of the settlement, the Administrator shall fund the Settlement Amount to Class Members and Plaintiff's Counsel.

(D) **Default Penalty**.  In the event that AHRC Home Care Services, Inc.  do not timely fund the Settlement Amount, AHRC Home Care Services, Inc.  will be subject to pay 10% interest compounded monthly on the outstanding balance.

(E) **Mailing of Settlement Checks.** The Claims Administrator shall, upon the Final Effective Date, send Settlement Checks comprising the Plaintiff's Individual Settlement Amounts, Class Counsels' approved professional fees and expenses, and settlement awards for the Named Plaintiff, to the Class Members, FLSA Collective Members, and Class Counsel, respectively. The Administrator shall also issue a check for the Administrator's fee.

(F) **Time to Cash Settlement Checks**. Class Members shall have one hundred twenty (120) days after the Settlement Checks are mailed to cash the respective Settlement Checks; after such time, all further remaining unclaimed amounts and uncashed checks, if any, shall be applied to a *cy pres* charitable donation to Birch Family Services.

**3.2**     **Professional Fees and Cost.** At the Fairness Hearing, Class Counsel will petition the Court for an award of attorneys' fees not to exceed ONE HUNDRED ANDTHIRTY THREE THOUSAND THREE HUNDRED AND THIRTY THREE DOLLARS AND THIRTY-THREE CENTS ($133,333.33) as well as for reimbursement of their actual litigation expenses and costs. These fees and costs shall come out of the Settlement Fund. Defendants will not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court and provided it does not increase the Settlement Fund. The substance of Class Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. Provided it does not increase the Settlement Fund, the outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's Final Approval. Any reduction in Attorneys' Fees, costs and expenses shall automatically be applied to the Net Settlement Amount to be distributed to Class Members.

**3.3**     **Administrator's Fees.** As part of Named Plaintiff's motion for final approval of the settlement, Named Plaintiff will submit a declaration from the Administrator detailing the

administration process, and will petition the Court for an award of administration fees not to exceed FIFTY THOUSAND DOLLARS ($50,000.00). At the Fairness Hearing, Class Counsel will petition the Court to award the Administrator its fees and expenses to be paid separately from the Settlement Fund.  The substance of Class Counsel's application for the Administrator's fees and expenses is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. Provided it does not exceed $50,000, the outcome of any proceeding related to the request for Administrator costs and expenses shall not terminate this Agreement or otherwise affect the Court's Final Approval. The Administration Fees of $50,000 shall be funded not later than 30 days after preliminary Court approval of this settlement agreement, into the escrow account of the Settlement Administrator, for services rendered after the mailing of the preliminary notice, and the remainder will be held in escrow pending a Final Approval Order. Any amount of the Administration Fees not approved by the Court shall be donated by the Administrator from the escrow funds to Birch Family Services, who the parties agree shall be a third party beneficiary to this Agreement.

**3.4     Tax Characterization.**

(A)     Settlement payments to the Class Members shall be deemed 50% as W2 wages, 50% as 1099 non-wage income, and shall be treated and reported as such by the Settlement Administrator..

(B)     Payments of attorneys' fees and costs pursuant to Section 3.2 shall be made without any withholdings, and a Form 1099 shall be issued for this payment.

(C)     AHRC Home Care Services, Inc.  and the Claims Administrator shall exchange such information as is necessary for the Claims Administrator to make proper tax withholdings and comply with tax reporting obligations as described in this Section 3.4.

(D)     AHRC Home Care Services, Inc.  shall be responsible outside of the Settlement Agreement for any employer-side payroll taxes, such as FICA, FUTA, and the like.

**4.     RELEASE**

**4.1     Release of Claims.**

(A)     **Release of New York State and Local Wage And Hour Claims.** Upon the Final Approval Order being issued, and except as to such rights or claims as may be specifically created by this Agreement, each Class Member who does not timely and properly opt-out of this Agreement, on his or her behalf, and on behalf of his or her respective current, former and future heirs, executors, and administrators, fully releases and discharges Defendants, and their respective shareholders, members, officers, directors, employees, members, managers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and

assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them (collectively, the "Releasees"), from any and all Rule 23 Claims (other than claims for retaliation) that may have occurred arising from or relating to each Class Member's employment or engagement with any of the Defendants during the Relevant Time Period.

(B)     **Release of FLSA Claims.** Upon the Final Approval Order being issued, and except as to such rights or claims as may be specifically created by this Agreement, each FLSA Collective Member who endorses their settlement check fully releases and discharges the Releasees from any and all FLSA Claims (other than claims for retaliation) that may have occurred arising from or relating to each FLSA Collective Member's employment or engagement with any of the Defendants during the Relevant Time Period.

(C)     All Settlement Checks shall contain, on the back of the check, the following limited endorsement:

**"RELEASE OF CLAIMS:**

By endorsing this check, I consent to join the case entitled *Villar v. AHRC Home Care Services, Inc., Inc. et al.*, SDNY 18-cv-9174, and I hereby release all of my claims as described in the Settlement Agreement and Release"

Any modification or amendment of the above language by the Class Member, at Defendants' discretion, may not be accepted, and may void the Settlement Check. The Administrator shall provide Defendants signed copies of each Settlement Check after they have been cashed.

(D)     For the avoidance of any doubt, federal claims are released if claimants cash the checks which shall include the release as defined in ¶4.1(C), and Rule 23 Claims are automatically released if claimants do not opt out. Class Members will not need to submit claim forms in order to receive payments.

(E)     **No Assignment.** Class Counsel and Named Plaintiff, on behalf of the Class and each individual Class Member, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

(F)     **Non-Admission of Liability.** By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Plaintiff, individually or collectively, all such liability being expressly denied. Likewise, by entering into this Agreement, Defendants in no way admit to the suitability of this case for class or collective action litigation other than for purposes of settlement. Rather, Defendants enter into this Agreement solely to avoid further protracted litigation and to resolve and settle all disputes with Plaintiff.

Settlement of the Litigation, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement: (i) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the factual allegations in any and all Complaints filed in the Lawsuit; and (ii) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative or arbitral proceeding. The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

(G)   Except as provided in this Agreement, upon payment of the attorneys' fees, expenses, and costs approved by the Court, Class Counsel and the Plaintiffs hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that he, she or they may have against Defendants for attorneys' fees or costs associated with Class Counsel's representation of the Class and Collective. Class Counsel further understands and agrees that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees, expenses and costs associated with Class Counsel's representation in the Litigation.

## 5.   INTERPRETATION AND ENFORCEMENT

**5.1   Cooperation Between the Parties; Further Acts.** The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**5.2   Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

**5.3   Binding Effect.** This Agreement shall be binding upon the Parties and, with respect to Plaintiffs, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

**5.4   Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

**5.5   Captions.** The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**5.6     Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

**5.7     Blue Penciling.** If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

**5.8     Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

**5.9     Continuing Jurisdiction.** The Court shall retain jurisdiction over the interpretation and

implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

**5.10     Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**5.11     When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its full execution and final approval by the Court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

**5.12     Facsimile and Email Signatures.** Any party may execute this Agreement by causing its counsel to sign on such party's behalf on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile, pdf, or email.

**5.13     Authority**.  The signatories below confirm that they have the actual authority to sign this Agreement on behalf of the person or entity for whom they are signing.

**5.14     CAFA Notice.**   Defendants' counsel shall be responsible for timely serving any notices required under the Class Action Fairness Act, as amended.

**WE AGREE TO THESE TERMS,**
                                              **PLAINTIFFS:**


**CLASS COUNSEL – LEE LITIGATION GROUP, PLLC, AND ON BEHALF OF THE FLSA COLLECTIVE MEMBERS AND CLASS MEMBERS**

By: _____    Date: _____, 2020
**C.K. LEE, ESQ.**


                                        **DEFENDANTS:**


**AHRC HOME CARE SERVICES, INC.**
By:_____    Date: _____, 2020
Name:_____
Title:_____