**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

FRANCISCO VILLAR, *on behalf of himself, FLSA
Collective Plaintiffs and the Class*,

                      Plaintiff,

    v.

AHRC HOME CARE SERVICES, INC. and
NYSARC, INC.,

                    Defendants.

No. 18-cv-09174

---

**[PROPOSED] ORDER GRANTING (1) PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE
CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT; (2)
PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES
AND REIMBURSEMENT OF EXPENSES**

The Parties entered into a final settlement totaling $400,000 on March 5, 2020 in a

Settlement Agreement and Release and entered into an Addendum to Settlement and Release on

October 27, 2020 (together, hereinafter "Settlement" or "Agreement"). Plaintiff filed for

preliminary approval of the settlement on February 14, 2020, which, for settlement purposes only,

Defendants did not oppose.  Declaration of C.K. Lee in Support of Plaintiff's Motion for

Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval

of the FLSA Settlement ("Lee Decl.") ¶ 13.

On November 6, 2020, after the Parties submitted supplemental information about the

settlement requested by the Court, this Court entered an Order preliminarily approving the

settlement on behalf of the Rule 23 class and FLSA collective set forth therein (the "Class" or the

"Class Members"), conditionally certifying the settlement class, appointing Lee Litigation Group,

PLLC as Class Counsel, appointing Advanced Litigation Strategies, LLC as Settlement

Administrator, and authorizing notice to all Class Members (the "Preliminary Approval Order").

Docket No. 59.

On February 8, 2021, Plaintiff filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Motion for Final Approval"), which for settlement purposes only Defendants did not oppose. That same day, Plaintiff also filed a Motion for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees"). The motion was unopposed and Defendants did not object to the requests for attorneys' fees or costs.

The Court held a fairness hearing on February 23, 2021. No Class Member objected to the settlement at the hearing.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees and Reimbursement of Expenses, and the supporting declarations, the oral argument presented at the February 23, 2021 fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the February 23, 2021 fairness hearing, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.      Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Agreement.

2.      This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all Parties.

3.      Pursuant to Rule 23, the Court confirms as final its certification of the Class for settlement purposes based on its findings in the Preliminary Approval Order and in the absence of any objections from Class Members to such certification.

1

4.      Pursuant to 29 § U.S.C. 216(b), the Court approves the FLSA Settlement and certifies the collective class under the FLSA. The FLSA Settlement complies with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) in that it has been subject to this Court's review and approval and does not contain any provisions inconsistent with the Court's guidance therein.

5.      The Court confirms as final the appointment of Plaintiff Francisco Villar as representative of the Class, both under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

6.      The Court likewise confirms as final the appointment of C.K. Lee of Lee Litigation Group PLLC as Class Counsel for the Class pursuant to Federal Rule of Civil Procedure 23 and for individuals who opted into the Litigation pursuant to 29 U.S.C. § 216(b).

7.      On November 16, 2020, Defendants mailed CAFA notices to the appropriate federal and state officials.   This Order granting final approval of the settlement is now appropriate. *See* 28 U.S.C. §1715(d).

8.      The Court finds that the notice distributed to class and collective members (the "Class/Collective Notice") pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

9.      Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval and finally approves the settlement as set forth therein.   The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order.   The Court specifically finds that the settlement is rationally related to the strength of Plaintiff's claims given the risk, expense, complexity, and duration of further litigation.

2

10.     The Court finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiff's claims through factual and legal investigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

11.     The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on FLSA Collective Members who affirmatively opt in to the Collective by endorsing and depositing their settlement checks.

12.     The settlement is also substantively fair. All of the factors set forth in *Grinnell*, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). Therefore, the Court finds that the settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) that the Total Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

13.     The Court also finds that the class' reaction to the settlement was positive, as no Class Member objected to the settlement.

14.     The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made

according to those allocations and pursuant to the procedures as set forth in the Agreement.

15.    The Court hereby grants Plaintiff's Motion for Attorneys' Fees and awards Class Counsel $133,333.33, which is approximately one-third of the Settlement Fund, which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised by the Litigation; (E) a lodestar cross check; and (F) Class Counsel's recognized experience and expertise in the market.  The Court finds Class Counsel's hourly rates to be reasonable.

16.    The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $4,259.98, which are expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting the Litigation.   The attorneys' fees and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Fund.

17.    The Court approves and finds reasonable the payment of the Settlement Administrator's fees in the amount of $50,000, which shall be paid outside of the Settlement Fund, according to the terms of the Parties' Settlement.

18.    The Court hereby fully and finally dismisses this matter and Litigation in its entirety and with prejudice.  Neither party to this Litigation is or shall be considered a prevailing party.

19.    The Parties entered into the Settlement solely for the purpose of compromising and settling disputed claims.  Defendants in no way admit any violation of law or any liability whatsoever to Plaintiff and the Class or the Collective, individually or collectively, all such liability being expressly denied by Defendants.

20.    ~~The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds~~.  The Parties shall abide

OTW
3/12/21

by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

The Clerk of Court is directed to close the case and terminate all open motions.

It is so ORDERED this 12 day of _____March_____, 2021.

_____
The Honorable Ona T. Wang
United States Magistrate Judge